**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| MARIA PERISIC<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>JIM YONG KIM, *et al.*,<br><br>　　　　　　Defendants. | No. 18-cv-2038 (EGS) |

## MEMORANDUM OPINION

Plaintiff Maria Perisic ("Ms. Perisic"), proceeding *pro se*, filed this action in the Superior Court of the District of Columbia ("Superior Court") against four officials of the World Bank Group ("World Bank Defendants") and Cigna (together with the World Bank Defendants, "Defendants"). The World Bank terminated Ms. Perisic because her position became redundant. She later challenged her termination through an internal review process. The World Bank Administrative Tribunal ("Tribunal") upheld the redundancy decision, but the Tribunal ordered the World Bank to pay Ms. Perisic four months' salary and attorney's fees due to a procedural flaw. Dissatisfied, Ms. Perisic asserts various claims against the World Bank Defendants, alleging wrongful termination, discrimination, theft of intellectual property, fraudulent misconduct, and mismanagement of insurance, pension, workers' compensation, and disability benefits.

Cigna, with the consent of the World Bank Defendants, removed the case to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 based on Ms. Perisic's claims that the Defendants mishandled the World Bank Group's medical insurance plan, denied her benefits under that plan, and failed to comply with the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* Defendants separately move to dismiss the Complaint, and Ms. Perisic moves to remand this case to the Superior Court. Upon careful consideration of the parties' submissions, the applicable law, and the entire record herein, the Court **GRANTS IN PART** and **DENIES IN PART** the World Bank Defendants' Motion to Dismiss, **GRANTS IN PART** and **DENIES IN PART** Cigna's Motion to Dismiss, **DENIES** Ms. Perisic's Motion to Remand, and **DISMISSES WITHOUT PREJUDICE** this action.

## I.  Background

### A. Factual Background

The following facts—drawn from the Complaint and documents incorporated by reference therein—are assumed to be true. *See Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015). Between 1994 and 2014, Ms. Perisic worked for the World Bank and the International Finance Corporation ("IFC"), a member of the World Bank Group.[1] *See* Compl., ECF No. 1-1 at 3 ¶ 4; *see*

---

[1] The World Bank Group consists of five international organizations: (1) the International Bank for Reconstruction and

2

*also* World Bank Defs.' Mot. to Dismiss, ECF No. 7 at 5.[2] After completing the World Bank's Young Professional Program, Ms. Perisic began working for the IFC in 1995. Compl., ECF No. 1-1 at 3 ¶ 4, 6 ¶ 9. Ten years later, she moved to the World Bank, *id.* at 3 ¶ 4, where she earned promotions, *id.* at 7 ¶ 11. In November 1995, Ms. Perisic went on leave after suffering a stroke, and she returned to work in March 1996. *Id.* at 6 ¶ 9. After her return, she served in different positions and departments, ending in the South Asia Region's Agriculture Unit. *See id.* at 7 ¶ 11.

Before moving to the Agriculture Unit, Ms. Perisic claims that one of her managers was "trying to push [her] out of his unit for reasons which were never explained[.]" *Id.* at 7 ¶ 10. But she acknowledges "the fact that [she] was aware that [her] job capabilities were not as good as they previously were." *Id*. According to Ms. Perisic, her manager and the human resources officer "tried to push [her] out of [the] [Agriculture] [U]nit"

<hr>

Development ("IBRD"); (2) the International Development Association ("IDA"); (3) the IFC; (4) the Multilateral Investment Guarantee Agency ("MIGA"); and (5) the International Centre for Settlement of Investment Disputes ("ICSID"). World Bank Defs.' Mot. to Dismiss, ECF No. 7 at 3-4 (citing *Who We Are*, The World Bank, http://www.worldbank.org/en/who-we-are). "Together, [the] IBRD and IDA compromise what is commonly referred to as the 'World Bank.'" *Id.* at 4 n.2.

[2] When citing electronic filings throughout this Opinion, the Court cites to the ECF page number, not the page number of the filed document.

in 2013. *Id.* at 7 ¶ 12. She alleges that her manager refused to give her work and blocked her efforts to generate work. *Id.* at 8 ¶ 12 n.8. As a result, Ms. Perisic experienced stress, dizziness, and weakness in her legs. *Id.* at 8 ¶ 12. She eventually applied for short-term disability after missing twenty-one days of work due to an illness. *Id.* at 8 ¶¶ 12, 12 n.9. At some point, Ms. Perisic attended a performance evaluation meeting with her manager, and the manager told her that her position had become redundant. *Id.* at 8 ¶ 12.

On August 28, 2013, Ms. Perisic received a Notice of Redundancy. *Id.* at 8 ¶ 13. It was dated August 16, 2013 and signed by Philippe Le Houérou, the World Bank's Regional Vice President for South Asia. *Id.* The Notice states, in relevant part, that "this confirms your conversation with [the manager and the human resources officer] in which you were informed that . . . I have determined that your employment has become redundant with effect September 1, 2013" and "[s]hould the job search efforts prove unsuccessful, on March 1, 2014 your employment with the [World] Bank will be terminated . . . ." *Id.* at 8-9 ¶ 13. The Notice also states that "[u]pon termination, you will be entitled to severance payments . . . and other benefits for which you are eligible." *Id.* at 9 ¶ 13. On February 28, 2014, the World Bank terminated her employment. *Id.* at 3 ¶ 4, 2 ¶ 2 n.2. Thereafter, Ms. Perisic retained an attorney and

submitted a request for internal review. *Id.* at 9 ¶ 14. Her

attorney later filed an application on her behalf to the

Tribunal in 2015. *See id.* The year-long process ended with the

Tribunal's decision. *Id.* at 9 ¶ 14 n.11; *see also* Ex. A, World

Bank Defs.' Mot. to Dismiss, ECF No. 7 at 22-59 [hereinafter

"Tribunal's Decision"].

In 2016, the Tribunal determined that the World Bank

properly classified Ms. Perisic's position as redundant because

there was a decline in her work program, resulting in

underemployment. Tribunal Decision, ECF No. 7 at 44 ¶ 86, 45

¶ 89. The Tribunal concluded that she failed to present a *prima*

*facie* case for age and disability discrimination because the

redundancy decision predated her short-term disability leave.

*Id.* at 48 ¶¶ 99-100. The Tribunal also concluded that Ms.

Perisic had received advance notice of the need to find

alternative employment, but the World Bank had failed to provide

her with a written explanation of the rationale for the

redundancy decision and a copy of the redundancy notice with the

specific sub-section of the Bank's applicable staff rules. *Id.*

at 49-50 ¶¶ 104-07. Finding that the "procedural flaw entitle[d]

[her] to some compensation," *id.* at 50 ¶ 107, the Tribunal

ordered the World Bank to pay Ms. Perisic four months' salary

and her attorney's fees in the amount of $20,000. *Id.* at 59; *see*

*also* Compl., ECF No. 1-1 at 9 ¶ 14 (alleging that the World Bank

misstated that Ms. Perisic received $171,387).

Ms. Perisic characterized that outcome as a "partial victory" in 2016. Compl., ECF No. 1-1 at 27 ¶ 61. She later reported to the World Bank that documentation concerning the redundancy decision contained a fraudulent signature, and the World Bank conducted an internal review, determining that her concerns were unfounded because the signature was authentic. *Id.* at 27-28 ¶ 63. Satisfied with that review, Ms. Perisic became unsatisfied in December 2016 with her health insurance, pension payments, as well as claims for workers' compensation and disability benefits. *Id.* at 28 ¶ 65. She receives pension payments from the World Bank and participates in its "Retiree Medical Insurance Plan." *Id.* at 2 ¶ 2 n.3. She also received a severance payment from the World Bank. *Id.* at 27 ¶ 62.

On January 1, 2017, Cigna and Eye Med replaced Aetna as the administrators of the World Bank's dental and vision insurance plans for employees and retirees. Compl., ECF No. 1-1 at 28-29 ¶¶ 67-68; *see also* Pl.'s Ex. 1, ECF No. 19-1 at 2. According to Ms. Perisic, "[t]he [World] Bank did not have [her] consent to enroll [her] in the Cigna dental plan[,]" and she had "no possibility to get out of the dental plan" so she "stay[ed] in the medical plan." Pl.'s Reply & Opp'n ("Pl.'s Opp'n"), ECF No. 15 at 13 n.12. On April 6, 2017, a periodontist—an out-of-network provider—performed dental work on Ms. Perisic, and Cigna

denied her claim for that work. Compl., ECF No. 1-1 at 32-33 ¶¶ 74-75. After her appeal, Cigna upheld its decision in September 2017. *Id.* at 33 ¶ 74. Ms. Perisic continued to have "several conversations with Cigna customer service representatives," and she communicated with representatives in Cigna's corporate headquarters and legal department via telephone and mail through May 2, 2018. *Id.* at 36 ¶ 81. Shortly thereafter, litigation ensued.

### B. Ms. Perisic's Allegations

On July 26, 2018, Ms. Perisic filed a lawsuit in the Superior Court against the four World Bank Defendants—Dr. Jim Yong Kim, Philippe Le Houérou ("Mr. Houérou"), Snezana Stoiljkovic ("Ms. Stoiljkovic"), and Frank Heemskerk ("Mr. Heemskerk")—and Cigna. *See generally* Compl., ECF No. 1-1 at 1.[3] Seeking a judgment against Defendants in the sum of $10 million, *id.* at 37, Ms. Perisic asserts a laundry list of allegations, and the precise allegations are not clear from the Complaint. She alleges that Dr. Kim dismissed her. *Id.* at 2 ¶ 2. She claims that his decision was "unethical" and "not in the interest of efficient administration." *Id.* Ms. Perisic challenges "the

---

[3] At all relevant times, Dr. Kim was the World Bank Group's President, Mr. Heemskerk was an Executive Director at the World Bank and the IFC, Mr. Le Houérou was the IFC's Executive Vice President and Chief Executive Officer, and Ms. Stoiljkovic was the IFC's Vice President for Asia and Pacific. World Bank Defs.' Mot. to Dismiss, ECF No. 7 at 4.

consequent theft of [her] 'intellectual property' and deprivation of the right to a fair 'trial', fraudulent misconduct, and discrimination done by staff of the World Bank and the [IFC,]" which have "seriously damaged the financial situation and the well-being of [her] family and [herself]." *Id.* at 2-3 ¶ 2. Ms. Perisic also alleges that she applied for positions where the hiring manager was Ms. Stoiljkovic, *id.* at 15 ¶ 22 n.16, and that she met with Mr. Heemskerk to discuss her pending termination, *id.* at 21 ¶ 40. For these allegations, the Complaint fails to cite or reference specific statutes or regulations.

Turning to the allegations concerning her claimed benefits, Ms. Perisic appears to assert that the World Bank Defendants and Cigna: (1) failed to adequately manage her enrollment in the World Bank's dental retiree medical insurance plan; (2) mismanaged her health insurance and pension payments; and (3) "[mis]handle[d] the group health plan's compliance with ERISA[.]" *Id.* at 3 ¶ 3. Specifically, she alleges that Defendants did not include her stroke in 1995 in their records that resulted in her vision disability, and that Cigna declined to cover her blood work in the amount of $575 as part of her implant surgery in 2017. *Id.* According to Ms. Perisic, the dental plan is part of the World Bank Group's Retiree Medical Insurance Plan, which is "supposed to be governed by ERISA, [but

it] is not." *Id.* at 3 ¶ 3 n.4; *see also id.* at 34 ¶ 77 (alleging that "I understand that the Bank is required to respect ERISA"). Indeed, Ms. Perisic alleges that she has a "right to bring legal action under ERISA," *id.* at 34 ¶ 77, based on her own research and her conversations with representatives from Cigna and the United States Department of Labor, *see id.*

### C. Procedural History

On August 30, 2018, Cigna timely removed the action from the Superior Court to this Court on the basis of Ms. Perisic's claims for benefits under the World Bank's group insurance plan allegedly governed under ERISA. *See* 28 U.S.C. § 1446(b); *see also* Notice of Removal, ECF No. 1 at 2 ¶ 3 (stating that the notice was filed within thirty days of receipt of the Complaint). Cigna did not concede that the World Bank's retiree dental plan is subject to ERISA. Notice of Removal, ECF No. 1 at 2 n.3. And Cigna noted that Ms. Perisic used the trade name, which "is not a juridical entity capable of being sued." *Id.* at 2 n.1. The World Bank Defendants consented to the removal. Ex. 5, World Bank Defs.' Consent to Removal, ECF No. 1-5 at 1. The World Bank did not waive its immunities from process and suit derived from the International Organizations Immunity Act ("IOIA"), 22 U.S.C. § 288 *et seq. Id.*

Defendants move separately to dismiss Ms. Perisic's Complaint in its entirety. The World Bank Defendants move to

dismiss the wrongful termination and employment-related claims

for lack of subject-matter jurisdiction under Rule 12(b)(1),

arguing that the World Bank Defendants are immune from suit.

World Bank Defs.' Mot. to Dismiss, ECF No. 7 at 1, 10-14. In the

alternative, the World Bank Defendants move to dismiss the

employment discrimination and dental and vision benefits claims

in the Complaint for failure to state a claim under Rule

12(b)(6). *Id.* at 1, 14-17. The World Bank Defendants contend

that the group benefits plan is a "governmental plan" exempt

from ERISA. *Id*. at 17. Cigna moves to dismiss on two primary

grounds: (1) dismissal is warranted under Rule 12(b)(5) for

insufficient service of process; and (2) Ms. Perisic fails to

state a plausible claim for relief as to Cigna's administration

of her dental benefits pursuant to Rule 12(b)(6). Def.'s Mem. of

P. & A. in Supp. of Def.'s Mot. to Dismiss ("Def.'s Mem."), ECF

No. 8-1 at 1-3.[4]

---

[4] Cigna moves to dismiss on the ground that "Cigna" is a trade
name not capable of being sued. Def.'s Mem., ECF No. 8-1 at 1
(citing *Ventura v. BEBO Foods, Inc.*, 595 F. Supp. 2d 77, 80-81
(D.D.C. 2009)). Cigna is "correct in noting the axiom that trade
names are not juridical entities capable of being sued."
*Ventura*, 595 F. Supp. 2d at 80. Nonetheless, the use of "Cigna"
rather than Cigna Health and Life Insurance Company does not
warrant dismissal. The company's letters to Ms. Perisic are
replete with references to "Cigna." *See* Pl.'s Ex. 3, ECF No. 9-1
at 39-46; *see also* Pl.'s Ex. 1, ECF No. 19-1 at 2-3. The Court
assumes that Ms. Perisic has asserted claims against Cigna
Health and Life Insurance Company because: (1) "filings by *pro
se* litigants should be read together"; and (2) *pro se* complaints
should be "construed liberally[.]" *Heard v. U.S. Dep't of State*,

Ms. Perisic seeks to remand this case to the Superior Court because "[her] case is about theft, discrimination, and mismanagement of [her] health insurance . . . by [D]efendants" and her case "is not about ERISA." Pl.'s Mot. to Remand, ECF No. 9 at 1 (styled as "Motion").[5] Ms. Perisic argues that the lawyers representing Defendants have engaged in an "orchestrated effort to intimidate [her]." *Id.* at 6. She urges this Court to order "the attorneys to stop their malicious and distressful behavior[,]" and "[D]efendants to stop their misconduct and wrongdoing." *Id.* at 7. She seeks $6.5 million in "intangible

---

No. CIV.A. 08-02123 RBW, 2010 WL 3700184, at *5 n.6 (D.D.C. Sept. 17, 2010). The Court therefore finds, in the interest of judicial economy, that Cigna Health and Life Insurance Company is a defendant in this case. *Cf. McManus v. District of Columbia*, 530 F. Supp. 2d 46, 68 (D.D.C. 2007) (finding that the interest of judicial economy was served by reaching the merits of the plaintiffs' claim "rather than delaying the inevitable by allowing [p]laintiffs to file another lawsuit against [the] Defendants containing the same meritless claims"). Accordingly, the Court **DENIES** Cigna's motion dismiss as to the trade name issue.

[5] Given Ms. Perisic's *pro se* status, the Court "refer[s] to [her Motion] in this [O]pinion as a 'Motion to Remand' . . . and will rule on it." *Gray v. D.C. Pub. Sch.*, 688 F. Supp. 2d 1, 2 n.1 (D.D.C. 2010) (citing *Leitner v. United States*, 679 F. Supp. 2d 37, 40 (D.D.C. 2010)). Ms. Perisic's motion to remand was not accompanied by a proposed order as required by Local Civil Rule 7(c). *See* LCvR 7(c) ("Each motion and opposition shall be accompanied by a proposed order."). Cigna notes that Ms. Perisic failed to confer with defense counsel regarding her motion to remand as required by Local Civil Rule 7(m). Def.'s Opp'n, ECF No. 11 at 3 (citing LCvR 7(m)). Ms. Perisic has conceded this point by not responding to it. *See Campbell v. Nat'l R.R. Passenger Corp.*, 311 F. Supp. 3d 281, 327 n.13 (D.D.C. 2018); *see generally* Pl.'s Opp'n, ECF No. 15.

damages" and $6.5 million in punitive damages. *Id.* Defendants oppose her motion. *See* Def.'s Opp'n, ECF No. 11 at 1-3; *see also* World Bank Def.'s Opp'n, ECF No. 13 at 1-5.

On September 5, 2019, the Court ordered supplemental briefing on the issue of whether the Court has subject-matter jurisdiction if the World Bank's plan is a "governmental plan" exempt from ERISA. *See* Min. Order of Sept. 5, 2019. The Court, *sua sponte*, stayed this action pending the resolution of the jurisdictional issue. *Id.* The supplemental briefing is now complete, and the motions are ripe for the Court's adjudication.

## II. Legal Standard

### A. Motion to Remand

A civil action may be removed from state court to a federal district court only if the federal district court has original subject-matter jurisdiction over the case. 28 U.S.C. § 1441(a). The Superior Court is considered a state court for removal purposes. *Id.* § 1451(a). "When it appears that a district court lacks subject matter jurisdiction over a case that has been removed from a state court, the district court must remand the case . . ., and the court's order remanding the case to the state court whence it came 'is not reviewable on appeal or otherwise.'" *Republic of Venezuela v. Philip Morris Inc.*, 287 F.3d 192, 196 (D.C. Cir. 2002) (citing 28 U.S.C. § 1447(c); quoting *id.* § 1447(d)). "Because of the significant federalism

concerns involved, this Court strictly construes the scope of its removal jurisdiction." *Downey v. Ambassador Dev., LLC*, 568 F. Supp. 2d 28, 30 (D.D.C. 2008). "The party seeking removal of an action bears the burden of proving that jurisdiction exists in federal court." *Id.*

"Common bases for subject matter jurisdiction in a federal district court are federal question jurisdiction . . . and diversity jurisdiction . . . ." *Bush v. Butler*, 521 F. Supp. 2d 63, 70 (D.D.C. 2007). For federal question jurisdiction, a defendant may seek removal on the grounds that the case "aris[es] under the Constitution, laws, or treaties of the United States." *Apton v. Volkswagen Grp. of Am., Inc*., 233 F. Supp. 3d 4, 11 (D.D.C. 2017) (quoting 28 U.S.C. § 1331). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393.

"A challenge to subject matter jurisdiction may be raised

on a motion to remand by the parties." *Nat'l Consumers League v. Bimbo Bakeries USA*, 46 F. Supp. 3d 64, 69 (D.D.C. 2014) (citing 28 U.S.C. § 1447(c)). The Court must remand the case to the state court on the basis of a defect in the removal procedures. 28 U.S.C. § 1447(c). Remand is mandatory "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction[.]" *Id.*

### B. Motion to Dismiss under Rule 12(b)(1)

A motion to dismiss under Rule 12(b)(1) "presents a threshold challenge to the Court's jurisdiction," and thus "the Court is obligated to determine whether it has subject-matter jurisdiction in the first instance." *Curran v. Holder*, 626 F. Supp. 2d 30, 32 (D.D.C. 2009) (citation and internal quotation marks omitted). "It is to be presumed that a cause lies outside [a federal court's] limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), unless the plaintiff can establish by a preponderance of the evidence that the court possesses jurisdiction, *see, e.g.*, *United States ex rel. Digital Healthcare, Inc. v. Affiliated Comput.*, 778 F. Supp. 2d 37, 43 (D.D.C. 2011) (citation omitted). Thus, the "plaintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Id.* (citation and internal quotation marks omitted)). A court "may

consider materials outside the pleadings in deciding whether to
grant a motion to dismiss for lack of jurisdiction[.]" *Jerome
Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir.
2005).

### C. Motion to Dismiss under Rule 12(b)(6)

"A Rule 12(b)(6) motion tests the legal sufficiency of a
complaint[.]" *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir.
2002). A complaint must contain "a short and plain statement of
the claim showing that the pleader is entitled to relief," Fed.
R. Civ. P. 8(a)(2), "in order to give the defendant fair notice
of what the . . . claim is and the grounds upon which it rests,"
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation
and internal quotation marks omitted). "[T]he complaint is
construed liberally in the plaintiff['s] favor, and [the court]
grant[s] [the] plaintiff[ ] the benefit of all inferences that
can be derived from the facts alleged." *Kowal v. MCI Comm'cns
Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). However, the court
is "not bound to accept as true a legal conclusion couched as a
factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286
(1986).

A complaint survives a Rule 12(b)(6) motion only if it
"contain[s] sufficient factual matter, accepted as true, to
'state a claim to relief that is plausible on its face.'"
*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*,

550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint alleging facts which are "'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

The pleadings of *pro se* parties, like Ms. Perisic's pleadings in the instant action, are "to be liberally construed, . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted). Nevertheless, "[a]lthough a court will read a *pro se* plaintiff's complaint liberally, a *pro se* complaint must present a claim on which the court can grant relief." *Chandler v. Roche*, 215 F. Supp. 2d 166, 168 (D.D.C. 2002).

## III. Analysis

The Court first considers whether removal of this lawsuit from the Superior Court was proper based on federal question jurisdiction, finding that the Court has federal question jurisdiction because the Complaint contains claims arising under ERISA. The Court next addresses whether the Court lacks subject-matter jurisdiction over Ms. Perisic's claims as to the World

Bank Defendants, finding that the World Bank Defendants are immune from suit. Finally, the Court concludes that the claims must be dismissed as to Cigna because Ms. Perisic's Complaint fails to state a claim upon which relief can be granted.

### A. Removal Was Proper

In its notice of removal, Cigna argues that removal was proper because the Court has federal question jurisdiction based on Ms. Perisic's claims for benefits under ERISA. Notice of Removal, ECF No. 1 at 3 ¶ 6. And that "ERISA specifically provides [federal district courts] with jurisdiction over ERISA claims." *Id.* at 3 ¶ 7. In her motion, Ms. Perisic contends that this case "is not about ERISA." Pl.'s Mot. to Remand, ECF No. 9 at 1. The World Bank Defendants disagree, arguing that this case was properly removed from the Superior Court because "it is apparent from the face of the complaint that [Ms. Perisic] is attempting to bring a claim under that federal law." World Bank Defs.' Opp'n, ECF No. 13 at 3-4. Cigna maintains that Ms. Perisic's "new contention that this case 'is not about ERISA'" does not change the fact that the Complaint "purports to allege claims against Cigna for failing to administer the World Bank's dental benefits plan in accordance with [ERISA]." Def.'s Opp'n, ECF No. 11 at 2. In her supplemental brief, however, Ms. Perisic asserts that one of her claims is that Defendants have "fail[ed] to respect ERISA." Pl.'s Suppl. Mem. in Opp'n to Defs.' Suppl.

Mem. ("Pl.'s Suppl. Mem."), ECF No. 19 at 3.

"ERISA provides for the comprehensive federal regulation of employee benefit plans, including health care benefit plans that, 'through the purchase of insurance [by an employee] or otherwise,' provide 'medical, surgical, or hospital care, or benefits in the event of sickness, accident, disability, [or] death.'" *Edelen v. Osterman*, 943 F. Supp. 75, 75-76 (D.D.C. 1996) (quoting 29 U.S.C. § 1002(1)). "ERISA protects retirement benefits for millions of pension plan participants and their beneficiaries." *VanderKam v. VanderKam*, 776 F.3d 883, 885 (D.C. Cir. 2015) (citing 29 U.S.C. § 1001(b)). And "ERISA provides participants or beneficiaries with a civil remedy to recover benefits due under their plans, to enforce rights under their plans, or to clarify rights to future benefits under their plans." *Arditi v. Lighthouse Int'l*, 676 F.3d 294, 299 (2d Cir. 2012) (citing 29 U.S.C. § 1132(a)).

It is undisputed that Ms. Perisic's Complaint explicitly asserts that the World Bank's group health insurance plan must comply with ERISA, and that Cigna, as the administrator of the group dental plan, and the World Bank Defendants have mishandled that plan. Compl., ECF No. 1-1 at 3 ¶ 3. Indeed, the core of Ms. Perisic's allegations is that Defendants have mismanaged her health insurance benefits and pension payments. *See* Pl.'s Mot. to Remand, ECF No. 9 at 1. Defendants maintain that this action

was properly removed from the Superior Court to this Court because this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and ERISA jurisdiction pursuant to 29 U.S.C. § 1132(e). Defs.' Suppl. Mem., ECF No. 18 at 1.

Cigna invokes the well-pleaded complaint rule. Def.'s Opp'n, ECF No. 11 at 1. "It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). "The 'well-pleaded complaint rule' is the basic principle marking the boundaries of the federal question jurisdiction of the federal district courts." *Id.* (citation omitted).[6] And the "plaintiff generally is master of [her] complaint." *Int'l Bhd. of Teamsters v. Ass'n of*

---

[6] A "corollary of the well-pleaded complaint rule is that 'Congress may so completely pre-empt a particular area, that any civil complaint raising this select group of claims is necessarily federal in character.'" *Int'l Bhd. of Teamsters*, 663 F. Supp. at 851 (quoting *Metro. Life Ins. Co.*, 481 U.S. 63-64). "When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003). The Supreme Court has found that certain statutes, including ERISA, have the requisite extraordinary preemptive force to support complete preemption. *US Airways Master Exec., Council, Air Line Pilots Assoc., Int'l. v. Am. W. Master Exec., Council, Air Line Pilots Assoc., Int'l.*, 525 F. Supp. 2d 127, 133-34 (D.D.C. 2007) (Sullivan, J.) (collecting cases). Here, Defendants did not remove Ms. Perisic's Complaint on the basis of complete ERISA preemption because Ms. Perisic purports to assert claims arising under ERISA. *See* Defs.' Suppl., ECF No. 18 at 6.

*Flight Attendants*, 663 F. Supp. 847, 850 (D.D.C. 1987).

Here, it is apparent on the face of the Complaint that Ms. Perisic asserts claims for certain benefits under the World Bank's benefits plan. *See generally* Compl., ECF No. 1-1. The World Bank Defendants argue—and the Court agrees—that Ms. Perisic's Complaint "alleges a claim arising under ERISA where [Ms. Perisic] apparently intends to argue that she was wrongfully denied benefits and that the administration of her benefits should be governed by the requirements of ERISA." World Bank Defs.' Opp'n, ECF No. 13 at 4. Ms. Perisic's single statement—that this case is not about ERISA-directly conflicts with her claims for benefits under the World Bank's group health insurance plan. *Compare* Pl.'s Mot. to Remand, ECF No. 9 at 1, *with* Pl.'s Reply & Opp'n ("Pl.'s Opp'n"), ECF No. 15 at 13-14. In her opposition brief, Ms. Perisic continues to pursue dental insurance benefits. *See* Pl.'s Opp'n, ECF No. 15 at 13-14. She also "bring[s] to the Court's attention some matters related to management of the World Bank's pension fund i.e. Staff Retirement Plan and Trust (SRP), that, in [her] opinion, are indirectly affecting [her] case . . . ." *Id.* at 5. Ms. Perisic appears to allege that there is an inadequate remedy for administratively challenging her pension payments under the World Bank's plan because she must submit a claim to the "Administration Committee" and then appeal the committee's

decision to the Tribunal. *Id.* at 6.

Ms. Perisic attempts to amend the Complaint by arguing that this case is not an ERISA case. *See* Pl.'s Mot. for Remand, ECF No. 9 at 1. It is true that "[t]he Court must consider a *pro se* litigant's complaint in light of all filings, including filings responsive to a motion to dismiss," and "the *pro se* litigant may, in effect, supplement his [or her] complaint with the allegations included in his [or her] opposition." *Magowan v. Lowery*, 166 F. Supp. 3d 39, 58 (D.D.C. 2016) (citation and internal quotation marks omitted). But under this liberal construction of Ms. Perisic's filings, Ms. Perisic's allegations sound in ERISA. *Cf. Porter v. Anthem Health Plans of Kentucky, Inc.*, No. CIV.A. 10-8-HRW, 2010 WL 8685135, at *2 (E.D. Ky. Mar. 18, 2010) (explaining that a "[c]omplaint need not include the term 'ERISA' at all" for a claim to be "preempted by ERISA").

Ms. Perisic asserts claims arising under ERISA because she seeks benefits under the World Bank's group insurance plan. *See* Pl.'s Opp'n, ECF No. 15 at 13-14. She disagrees with the World Bank Defendants' argument that she has failed to allege damages for Cigna's refusal to pay her costs for a dental implant procedure and certain blood work in April 2017. *See id*. Ms. Perisic contends that she has documentation of those costs to demonstrate that the out-of-network provider did not waive those costs. *See id*. Furthermore, Ms. Perisic argues that she has

legal rights based on Defendants' alleged mismanagement of her health insurance, *see* Pl.'s Mot. to Remand, ECF No. 9 at 2, and that the Complaint identifies the Defendants' "wrongdoings regarding [her] dental plan," *id.* at 3. In her supplemental brief, Ms. Perisic reiterates that Defendants (1) "mishandled and are mishandling the World Bank Group's medical insurance plan and are profiting on [her] money;" (2) "denied and are denying benefits under that plan to [her] and [her] dependents;" and (3) "fail to respect ERISA[.]" Pl.'s Suppl. Mem., ECF No. 19 at 3. Because ERISA was implicated at the time of removal and Ms. Perisic's claims arise under ERISA, Defendants have met their burden of proving federal question jurisdiction by virtue of ERISA. *See* 28 U.S.C. § 1331.

Defendants argue—and the Court agrees—that "the lack of an employee benefit plan subject to ERISA is not a bar to federal question jurisdiction." Defs.' Suppl. Mem., ECF No. 18 at 3 (collecting cases). Ms. Perisic concedes that argument by not responding to it. *See* Pl.'s Suppl. Mem., ECF No. 19 at 1. The World Bank Defendants contend that Ms. Perisic cannot state a plausible ERISA claim related to the administration of her dental and vision benefits under the group plan because the World Bank's plan—a "governmental plan" under 29 U.S.C. § 1003— is not governed by ERISA. *See* World Bank Defs.' Reply, ECF No. 17 at 4. Ms. Perisic disagrees, but she does not respond with

the legal basis for her disagreement. *See* Pl.'s Suppl. Mem., ECF No. 19 at 10. Notwithstanding the issue of whether the plan in Ms. Perisic's Complaint is a "governmental plan" exempt from ERISA, the Court has subject-matter jurisdiction over this action because "[t]he relevant ERISA provision makes no reference to the jurisdiction of the federal courts." *Saunders v. Davis*, No. 15-CV-2026 (RC), 2016 WL 4921418, at *9 (D.D.C. Sept. 15, 2016) (finding that "the applicability of the government plan exemption relate[d] to the merits of [the *pro se* plaintiff's] case"). The question of whether the plan is governed by ERISA relates to the merits of Ms. Perisic's case, and that question has no bearing on the Court's subject-matter jurisdiction. *See id*. The Court therefore finds that removal was proper in this case. Accordingly, the Court **DENIES** Ms. Perisic's motion to remand.

### B. The World Bank Defendants Are Immune from Suit

Having found that the case was properly removed, the Court must resolve the Defendants' motions to dismiss. As to the World Bank Defendants' motion, the Court considers whether the World Bank Defendants are immune from Ms. Perisic's claims. Although Ms. Perisic does not identify with any specificity or particularity the legal bases for her allegations, the World Bank Defendants respond to them under the lenient construction accorded *pro se* pleadings. According to the World Bank

Defendants, Ms. Perisic appears to assert employment discrimination claims related to her termination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a)(1), the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2615(a), and the District of Columbia Human Rights Act ("DCHRA"), D.C. Code § 2-1402.11. World Bank Defs.' Mot. to Dismiss, ECF No. 7 at 15. Ms. Perisic, however, clarifies that this lawsuit is not about her termination, and that any employment discrimination claim is untimely. *See* Pl.'s Mot. to Remand, ECF No. 9 at 1, 3; *see also* World Bank Defs.' Reply, ECF No. 17 at 4 (arguing that Ms. Perisic has conceded the argument that she fails to state a plausible claim of employment discrimination related to her termination).

With respect to her claims for dental and vision benefits, Ms. Perisic mentions ERISA, but she notes that the World Bank is not "respecting [ERISA] and is 'hiding' behind it's [sic] immunity[.]" Compl., ECF No. 1-1 at 3 ¶ 3 n.4. Finally, Ms. Perisic appears to assert claims for workers' compensation and disability benefits related to her stroke in 1995, but she does not cite a single federal or state law in support of those claims. Pl.'s Opp'n, ECF No. 15 at 6-13; *see also* World Bank Defs.' Reply, ECF No. 17 at 5.

The World Bank Defendants' primary argument is that they

are immune from suit pursuant to the IOIA. *See* World Bank Defs.'
Mot. to Dismiss, ECF No. 7 at 3, 9. The IOIA grants certain
privileges and immunities to a "public international
organization in which the United States participates . . . and
which shall have been designated by the President through
appropriate Executive order[.]" 22 U.S.C. § 288. Section 288d(b)
of the IOIA provides that:

> Representatives of foreign governments in or
> to international organizations and officers
> and employees of such organizations *shall* be
> immune from suit and legal process relating to
> acts performed by them in their official
> capacity and falling within their functions as
> such representatives, officers, or employees
> except insofar as such immunity may be waived
> by the foreign government or international
> organization concerned.

*Id*. § 288d(b) (emphasis added); *see also Int'l Bank for
Reconstruction & Dev. v. District of Columbia*, 171 F.3d 687, 687
(D.C. Cir. 1999) ("The property, income, operations and
transactions of the [IBRD], commonly known as the World Bank,
are immune from federal, state and local taxation."). The
President of the United States has issued Executive Orders
designating all members of the World Bank Group as public
international organizations entitled to the privileges,
exemptions, and immunities under the IOIA. *See, e.g.*, Exec.
Order No. 9,751, 11 Fed. Reg. 7,713 (July 13, 1946); Exec. Order
No. 11,966, 42 Fed. Reg. 4,331 (Jan. 19, 1977); Exec. Order No.

10,680, 21 Fed. Reg. 7,647 (Oct. 5, 1956); Exec. Order No. 12,647, 53 Fed. Reg. 29,323 (Aug. 4, 1988). The scope of the immunity for the World Bank's representatives, officers, and employees has not been limited or amended by the Executive Orders. *See* Exec. Order No. 9,751, 11 Fed. Reg. 7,713 (July 13, 1946).

"There are only two sources of limitation to the immunity: (1) the organization itself may waive its immunity and (2) the President may specifically limit the organization's immunities when he [or she] selects the organization as one entitled to enjoy the IOIA's privileges and immunities." *Dujardin v. Int'l Bank for Reconstruction & Dev.*, 9 F. App'x 19, 20 (D.C. Cir. 2001). None of those limitations apply here. "The World Bank thus enjoys immunity from suits such as Plaintiff's unless it has expressly waived that immunity." *Hudes v. Aetna Life Ins. Co.*, 806 F. Supp. 2d 180, 187 (D.D.C. 2011), *aff'd*, 493 F. App'x 107 (D.C. Cir. 2012). Courts have repeatedly found that the World Bank has not waived its immunity in connection with internal employment-related lawsuits like the present action. *See, e.g.*, *Mendaro v. World Bank*, 717 F.2d 610, 617 (D.C. Cir. 1983) (finding "no evidence that the members of the [World] Bank intended to waive the Bank's immunity to employee [Title VII] suits"); *Dujardin*, 9 F. App'x. at 20 (employee's defamation claim); *Hudes*, 806 F. Supp. 2d at 188 (wrongful-termination

claim).

The World Bank Defendants rely on this Court's decision in *Smith v. World Bank Group*, 99 F. Supp. 3d 166, 170 (D.D.C. 2015), *aff'd*, 694 F. App'x 1 (D.C. Cir. 2017). In *Smith*, this Court held that it lacked subject-matter jurisdiction over the plaintiff's employment discrimination lawsuit because the World Bank Group and the World Bank's President were immune from suit under the IOIA, and the international organization had not waived its immunity for internal employment-related lawsuits. *Id.* at 170-71. The same is true here.

The World Bank Defendants are immune from this action. Ms. Perisic has offered no basis for a finding that the World Bank has waived the immunity of the World Bank Defendants in any way that would render it less than the immunity reserved to the Bank. Ms. Perisic's assertion—that Dr. Kim, as President of the World Bank Group, cannot be considered an officer or an employee—is unavailing. *See* Compl., ECF No. 1-1 at 2 n.1. Because any involvement by Dr. Kim in the employment actions giving rise to Ms. Perisic's claims would relate to "acts performed by [him] in [his] official capacity and falling within [his] functions," 22 U.S.C. § 288d(b), Dr. Kim is immune from suit.[7] *See Smith*, 99 F. Supp. 3d at 170-71.

---

[7] After litigation had already begun, Ms. Perisic submitted a claim in September 2018 related to the stroke that she suffered

Ms. Perisic's reliance on three decisions in this jurisdiction—for the proposition that the World Bank Defendants are not immune from suit—is misplaced. *See* Pl.'s Opp'n, ECF No. 15 at 2-3 (citing *Osseiran v. Int'l Fin. Corp.*, 552 F.3d 836 (D.C. Cir. 2009); *Vila v. Inter-Am. Inv. Corp.*, 570 F.3d 274 (D.C. Cir. 2009); *Mendaro*, 717 F.2d at 618). In *Mendaro*, the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") concluded that:

> It is thus clear that the Bank's [A]rticles [of Agreement] waive the Bank's immunity from actions arising out of the Bank's *external* relations with its debtors and creditors. However, a waiver of immunity to suits arising out of the Bank's *internal* operations, such as its relationship with its own employees, would contravene the express language of Article VII section 1.

717 F.2d at 618. Here, Ms. Perisic's claims relate to the Bank's *internal* operations because the Complaint asserts claims related to the termination of her employment and the administration of her claimed benefits. *See* World Bank Defs.' Mot. to Dismiss, ECF No. 7 at 15-17.

---

in 1995. Pl.'s Opp'n, ECF No. 15 at 7-8. Ms. Perisic appears to allege that the World Bank has improperly denied her claims for workers' compensation and disability benefits. Pl.'s Opp'n, ECF No. 15 at 6-13. The Court finds that the World Bank Defendants are immune from such claims because this Court and others have found that the World Bank has not waived its immunity for claims regarding withheld employee benefits. *See Smith*, 99 F. Supp. 3d at 170 (citing *Chiriboga v. Int'l Bank for Reconstruction & Dev.*, 616 F. Supp. 963, 967 (D.D.C. 1985)).

Both *Osseiran* and *Vila* are distinguishable. The D.C. Circuit in *Osseiran* interpreted the IFC's charter and found that the IFC waived its immunity as to a prospective investor's promissory estoppel and confidentiality claims concerning its alleged representations during sales agreement negotiations. 552 F.3d at 840-41. In *Vila*, the D.C. Circuit concluded that an international organization was not immune from an independent consultant's unjust enrichment claim where the organization refused to pay him for services rendered. 570 F.3d at 276–81. *Osseiran* and *Vila* lend no support to Ms. Perisic's position because her claims do not pertain to the World Bank's *external* affairs, but rather they concern the *internal* affairs, as in *Mendaro*, 717 F.2d at 618, and *Smith*, 99 F. Supp. 3d at 170. Indeed, the World Bank has waived its immunity narrowly, only for "actions relating to its *external* activities and contracts, and not the *internal* administration of its civil servants." *Mendaro*, 717 F.2d at 621 (emphasis added); *see also Morgan v. Int'l Bank for Reconstruction & Dev.*, 752 F. Supp. 492, 494 (D.D.C. 1990) (dismissing a lawsuit "concern[ing] an employment relationship" where the plaintiff's "suit, if allowed to proceed, would force the [World] Bank to defend internal employment practices traditionally shielded by immunity").

Because the Court finds that the World Bank Defendants are immune from Ms. Perisic's claims, the Court lacks subject-matter

jurisdiction over those claims as to the World Bank Defendants. *See Smith*, 99 F. Supp. 3d at 171 (concluding that the defendants' immunity rendered the Court without jurisdiction). Accordingly, the Court **GRANTS IN PART** the World Bank Defendant's Motion to Dismiss.[8]

### C. Ms. Perisic Fails to State a Claim Against Cigna

Having found that the Court lacks subject-matter jurisdiction over the World Bank Defendants does not mean that "the basis of federal question jurisdiction ha[s] vanished" because Ms. Perisic seeks insurance benefits and pension payments under the World Bank's group benefits plan. *Araya v. JPMorgan Chase Bank, N.A.*, 775 F.3d 409, 416 (D.C. Cir. 2014). The Court will proceed to the merits of Ms. Perisic's claims against Cigna.

Cigna argues that Ms. Perisic's Complaint should be dismissed for insufficient service of process pursuant to Rule 12(b)(5) and for failure to state a plausible claim under Rule 12(b)(6). The Court addresses, in turn, each argument. Cigna's first argument is that service was improper and insufficient because Ms. Perisic served Cigna with the summons

---

[8] Having granted the World Bank Defendants' motion to dismiss for lack of subject-matter jurisdiction, the Court **DENIES** the World Bank Defendants' request to dismiss with prejudice Ms. Perisic's Complaint. *See Smith*, 99 F. Supp. 3d at 171 (dismissing without prejudice plaintiff's claims against Dr. Kim and the World Bank where they were immune from suit).

and complaint by certified mail on July 31, 2018, and David
Breku—who is neither an officer nor agent authorized, by
appointment or law, to receive service of process on behalf of
"Cigna"—signed the return receipt. Def.'s Mot. to Dismiss, ECF
No. 8-1 at 2. Ms. Perisic has conceded this argument by not
responding to it. *See Campbell*, 311 F. Supp. 3d at 327 n.13.

Nonetheless, "[f]ederal courts have held that formal
service is not required before removing a case." *Middlebrooks v.
Godwin Corp.*, 279 F.R.D. 8, 11 (D.D.C. 2011) (collecting cases).
"[E]ven to the extent that service may have been imperfect in
this case, the Court affords [Ms. Perisic], as a *pro se*
plaintiff, some leniency in applying the rules for effecting
service of process, particularly here, in which [Cigna] was
clearly put on notice of [Ms. Perisic's] claims and was able to
timely file a motion to dismiss." *Roland v. Branch Banking & Tr.
Corp.*, 149 F. Supp. 3d 61, 66 (D.D.C. 2015) (denying the
defendant's motion to dismiss the *pro se* plaintiff's complaint
for improper service of process). For the same reasons, the
Court **DENIES** Cigna's motion to dismiss on the grounds of
insufficient service of process.

Before considering Cigna's next argument for dismissal
under Rule 12(b)(6), the Court observes that Ms. Perisic's
Complaint fails to meet Federal Rule of Civil Procedure 8's
requirements. *See generally* Compl., ECF No. 1-1. Rule 8 requires

that each complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), 8(d)(1). Ms. Perisic's Complaint, which contains thirty-seven pages, eighty-one numbered paragraphs, and twenty-two footnotes, does not meet Rule 8's short and plain standard. *See generally* Compl., ECF No. 1-1.

Nevertheless, Ms. Perisic's claims as to Cigna boil down to allegations concerning the mismanagement of her dental benefits under the World Bank's retiree medical insurance plan for employees and retirees. Specifically, Ms. Perisic alleges that Cigna improperly denied payment for a dental implant procedure performed by an out-of-network provider. *See* Compl., ECF No. 1-1 at 32-33 ¶¶ 74-75. Cigna argues that Ms. Perisic fails to state a plausible claim for relief because "Ms. Perisic had no unreimbursed dental expense and, therefore no damages." Def.'s Reply, ECF No. 16 at 3. Ms. Perisic disagrees, arguing that "it can be seen from the documents and bills" that Defendants' assertions are "false." Pl.'s Opp'n, ECF No. 15 at 14. Cigna contends that this Court cannot consider those documents because Ms. Perisic did not attach them to her Complaint. Def.'s Reply, ECF No. 16 at 3. Cigna's position is inconsistent with D.C. Circuit precedent.

Because of Ms. Perisic's *pro se* status, the Court must

consider all the facts in her pleadings. *See Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015) (holding that a "district court should have considered the facts alleged in *all* of [the *pro se* plaintiff's] pleadings and, once considered, should have concluded that [the plaintiff] sufficiently stated his ADA claim to avoid 12(b)(6) dismissal"); *see also Magowan*, 166 F. Supp. 3d at 58 (courts must consider *pro se* litigant's filings responsive to a motion to dismiss). The Court, however, need "not accept as true . . . the plaintiff's legal conclusions or inferences that are unsupported by the facts alleged." *Ralls Corp. v. Comm. on Foreign Inv. in U.S.*, 758 F.3d 296, 315 (D.C. Cir. 2014). Having considered Ms. Perisic's documents related to the issue of whether the out-of-network provider waived her costs for the blood work, such documentation fails to serve as a basis for any factual allegations that could plausibly state a claim against Cigna. Ms. Perisic's conclusory allegations are not enough to meet the plausibility standard. *See, e.g.*, *Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]"); *Iqbal*, 556 U.S. at 678 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." (citation and internal

quotation marks omitted)).

Even when given the liberal construction afforded to *pro se* pleadings, Ms. Perisic's claims against Cigna wholly fail to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). While Ms. Perisic argued that this case was not about ERISA, she seeks health insurance benefits and pension payments under the World Bank's group benefits plan. *See* Compl., ECF No. 1-1 at 3 ¶ 3; *see also* Pl.'s Opp'n, ECF No. 15 at 13-14. In her supplemental brief, Ms. Perisic contends that she may assert an ERISA claim. Pl.'s Suppl. Mem., ECF No. 19 at 10.

Under ERISA, a governmental plan is exempt from the statute's coverage. 29 U.S.C. § 1003(b)(1) ("The provisions of this subchapter shall not apply to any employee benefit plan if . . . such plan is a governmental plan (as defined in section 1002(32) of this title)[.]"). ERISA defines a "governmental plan" as "any plan of an *international organization* which is exempt from taxation under the provisions of the [IOIA]." 29 U.S.C. § 1002(32) (emphasis added). According to Defendants, ERISA does not govern the World Bank's group benefits plan because it is a governmental plan. *See* World Bank Defs.' Mot. to Dismiss, ECF No. 7 at 17; *see also* Def.'s Mot. to Dismiss, ECF No. 8-1 at 3 (incorporating by reference the World Bank Defendants' arguments). Ms. Perisic states that "[i]n [her] opinion this is not correct" because: (1) she "conveyed [the

34

World Bank's federal identification number listed on an Internal Revenue Service Form 1099-R] to the US Department of Labor[;]" and (2) she participated in a "tri-party conference call with Cigna" where "[i]t was then confirmed to [her] that [she] can bring the claim for $575.00 under ERISA." Pl.'s Suppl. Mem., ECF No. 19 at 10. Contrary to Ms. Perisic's assertions, the World Bank's group dental and vision plan is a "governmental plan" exempt from ERISA under 29 U.S.C. § 1003(b)(1) because it is a plan of an international organization, which is exempt from taxation under the provisions of the IOIA. *See* 29 U.S.C. § 1002(32); *see also Francisco S. v. Aetna Life Ins. Co.*, No. 2:18-CV-00010-EJF, 2019 WL 1358858, at *3 (D. Utah Mar. 26, 2019) (holding that the World Bank Group's medical insurance plan qualifies as a governmental plan exempt from ERISA's coverage).

Ms. Perisic fails to respond to Defendants' argument that she cannot state a claim under ERISA. *See generally* Pl.'s Opp'n, ECF No. 15 at 1-14. The Court deems that argument as conceded. *See Hopkins v. Women's Div., Gen. Bd. of Glob. Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003) ("It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."), *aff'd sub nom.*

*Hopkins v. Women's Div., Gen. Bd. of Glob. Ministries, United Methodist Church*, 98 F. App'x 8 (D.C. Cir. 2004). The Court therefore finds that Ms. Perisic's claims cannot withstand the motion to dismiss. Accordingly, the Court **GRANTS** Cigna's motion to dismiss because Ms. Perisic fails to state a plausible claim for relief.[9]

### D. Ms. Perisic's Requests for Damages

Finally, Ms. Perisic argues that defense counsel attempted to "intimidate" her, and that defense counsel improperly sent her an Order from this Court.[10] Pl.'s Mot. to Remand, ECF No. 9

---

[9] The Court did not order supplemental briefing on the merits of Ms. Perisic's Complaint. *See* Min. Order of Sept. 5, 2019. Ms. Perisic, however, made arguments as to the merits of her claims and raised new claims in her supplemental brief. *See* Pl.'s Suppl. Mem., ECF No. 19 at 1-14. To the extent that Ms. Perisic purports to assert claims against Defendants for reporting the "wrong" amounts on IRS Form 1099-R, *id.* at 10-11, and violating the Privacy Act of 1974, 5 U.S.C. § 552a, *id.* at 12-13, the Court finds that Ms. Perisic has failed to plead facts that would allow this Court to infer beyond the mere possibility of Defendants' alleged misconduct. *See Magowan*, 166 F. Supp. 3d at 58 ("[T]he *pro se* plaintiff must still plead factual matter that permits the court to infer more than the mere possibility of misconduct.") (citation and internal quotation marks omitted). Defendants argue—and the Court agrees—that "the Privacy Act applies only to federal executive branch agencies and provides no right of action against individuals or private entities." Defs.' Suppl. Reply, ECF No. 20 at 2 n.1 (citing *Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006); *Metro. Life Ins. Co. v. Blyther*, 964 F. Supp. 2d 61, 71 (D.D.C. 2013)).

[10] On September 4, 2018, the Court entered a Standing Order governing this case. *See generally* Standing Order (Sept. 4, 2018), ECF No. 3. "A defendant removing an action to this Court must refile as a supplement to the petition any answer and must promptly ensure that all parties receive a copy of [the] Standing Order." *Id.* at 3 § 5. Federal Rule of Civil Procedure 5

at 6. Ms. Perisic seeks punitive damages to prevent similar situations in the future, and "intangible damages" to prevent the defense lawyers from engaging in "misconduct and wrongdoing." *Id.* at 7. Refuting Ms. Perisic's allegations, Defendants note that defense counsel contacted Ms. Perisic to effectuate the removal procedures and to fulfill their obligations and duties as prescribed in this Court's Standing Order, the Federal Rules of Civil Procedure, and the Local Civil Rules. *See* Def.'s Opp'n, ECF No. 11 at 2–3; *see also* World Bank Defs.' Opp'n, ECF No. 13 at 4–5. Because the Court dismisses this action, the Court need not address Ms. Perisic's requests for damages.

## IV. Conclusion

For the reasons set forth above, the Court **GRANTS IN PART** and **DENIES IN PART** the World Bank Defendants' Motion to Dismiss, **GRANTS IN PART** and **DENIES IN PART** Cigna's Motion to Dismiss, **DENIES** Ms. Perisic's Motion to Remand, and **DISMISSES WITHOUT PREJUDICE** this action. A separate Order accompanies this

---

sets forth the requirements for serving papers on every party. *See generally* Fed. R. Civ. P. 5. The Standing Order instructs each party, including a *pro se* litigant, to comply with the Local Civil Rules. Standing Order, ECF No. 3 at 1 § 1; *see also* LCvR 7(m) ("Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement. The duty to confer also applies to non-incarcerated parties appearing *pro se*.").

Memorandum Opinion.

   **SO ORDERED.**

**Signed:**   **Emmet G. Sullivan**
          **United States District Judge**
          **October 24, 2019**